**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-20411-CR-ALTMAN

UNITED STATES OF AMERICA,

Plaintiff.

v .

BRIAN CHARLES,

Defendant.
____________________________________/

**DETENTION ORDER**

On October 06, 2026, this Court held a hearing pursuant to Title 18 U.S.C. § 3142(f) in the above-entitled case to determine whether Defendant, Brian Charles, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, it is hereby **ORDERED** that Defendant be detained prior to trial and until the conclusion thereof.

***I. Nature and Circumstances of Offense***

Defendant is charged by indictment with four counts of knowingly mailing threatening communication, in violation of 18 U.S.C. § 876(c). [D.E. 7 at 1–5].

### *II. Weight of the Evidence*

The weight of the evidence against Defendant is sufficient to establish probable cause to support pretrial detention. The government proffered the following facts.

On July 09, 2026, The United States Postal Service ("USPS") delivered an envelope to Holocaust Memorial Miami Beach ("Holocaust Memorial") with the handwritten return address of "Brian Charles General Delivery, Charlotte, NC 28204." [D.E. 3 at ¶ 5]. The envelope enclosed a printed letter with threatening antisemitic statements and an antiemetic graphic. The letter included the following statements: "I am going to destroy My Jews. Many shall die by My Wrath . . . . They will die painful deaths through My wrath . . . . I will put a stop to their extortion, and they shall suffer My wrath forever!" [D.E. 3 at ¶ 6].

The American Jewish Committee ("AJC") received the same letter on July 21, 2026. USPS processed the letter on July 06, 2026. [D.E. 3 at ¶ 8]. The envelope was marked with the same handwritten return address. *Id*. Next, the American Isreal Public Affairs Committee (AIPAC) received the letter. USPS processed the letter on or about June 30th, 2026, [D.E. 3 at ¶ 11], and delivered the envelope on July 9th, 2026, [D.E. 3 at ¶ 10]. The envelope lacked a return address but had similar handwriting characteristics to the envelopes sent to the Holocaust Memorial and AIPAC. [D.E. 3 at ¶11]. Around this time, certain Secret Service Protectees also received the same letter. This envelope included the return address of "Brian Charles General Delivery, Charlotte, NC 28204," and was processed and delivered by USPS on July 7, 2026. [D.E. 3 at ¶ 13].

Defendant does not deny mailing the letters. Instead, Defendant argues that he mailed the letters as prophecies from God and not personal threats. As noted by the Government, however, the letter contains only first-person threats and no indication that such statements were made by anyone other than Defendant. Defendant is aware of the threatening nature of the letters, as he admitted in post-*Miranda* statements that recipients "might take [the letters] as threats," previously stating, "Oh, I'm sure," to whether the recipients of each letter would perceive them as threatening.

### *III. Defendant's Pertinent History and Characteristics*

Defendant's pertinent history and characteristics also support pretrial detention.

First, Defendant has repeatedly violated release conditions. On January 31, 2020, a court sentenced Defendant on five counts of mailing threatening information to 542-day imprisonment or time served, followed by three years of supervised release. On February 28, 2020, Defendant violated his supervised release, and on November 16, 2020, his supervised release was revoked. The court subsequently sentenced Defendant to 264 days imprisonment, followed by two years of supervised release. Defendant violated his supervised release a second time on April 26, 2021, and on October 05, 2021, the court revoked his supervised release, resulting in another term of imprisonment and six months of supervised release. Defendant committed a third violation on November 18, 2021, and his supervised release was revoked on March 10, 2022, with a final sentence of nine months of imprisonment.

Additionally, Defendant reports being homeless since 1994. Although Defendant occasionally retreats to Miami, Florida, during the fall and winter season, he maintains connections in Iowa and Ohio. As reported during Defendant's detention hearing, Defendant is also without a reliable method of contact.

Defense counsel argued the following as mitigating factors: (1) Defendant's physical limitations as an amputee reduce his flight risk; (2) Defendant's cooperation with law enforcement on the instant case signals future cooperation with proposed release conditions; and (3) Defendant's release violations were "years ago." Such factors are insufficient. With no fixed address or communication method, along with Defendant's history of supervised release violations, the Court finds that Defendant would pose a serious risk of flight if released. And most importantly, the Court has no confidence that Defendant would comply with the Court's bond conditions if released. Based on the record provided, there are no conditions or combination of conditions that may reasonably assure Defendant's presence at trial, making detention appropriate. *See* 18 U.S.C. § 3142(e).

## *IV. Conclusion*

Pursuant to these findings, the Court hereby directs that:

a. Defendant be detained without bond;

b. Defendant be committed to the custody of the Attorney General for confinement in corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

c. Defendant be afforded reasonable opportunity for private consultation with counsel;

d. On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined, shall deliver Defendant to a United States Marshall for the purpose of an appearance in connection with any court proceeding.

e. Defendant should receive mental health evaluation and treatment while in custody.

**DONE AND ORDERED** at Miami, Florida this 9th day of October, 2026.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

Copies to:
Counsel of Record
Pretrial Services (Miami)